# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1632V
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ROBERT STOCKDALE,                    *    Special Master Oler
                                     *
              Petitioner,             *    Filed: March 7, 2019
                                     *
       v.                             *    Attorney's Fees and Costs; Good Faith;
                                     *    Reasonable Basis; Reasonable Hourly Rate;
                                     *    Duplicative Billing.
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard Scott Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Glenn MacLeod*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 12, 2016, Petitioner Robert Stockdale filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that he developed peripheral neuropathy as a result of an influenza

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

vaccination administered on December 11, 2013.  Petition, ECF No. 1.  Respondent denies "that the flu vaccine caused [P]etitioner's alleged peripheral neuropathy or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury." *See* Stipulation ¶6, dated July 16, 2018, ECF No. 33.  Nonetheless, on July 16, 2018, the parties filed a stipulation for award of compensation, which I adopted as my Decision awarding damages on July 17, 2018.  *See* Decision of Special Master- Stipulation, ECF No. 34.

A Motion for Attorneys' Fees ("Fees App.") was filed on July 22, 2018. ECF No. 38.  Petitioner's counsel, Mr. Howard Gold, requests reimbursement of attorneys' fees and costs in the combined amount of $12,481.82 (representing attorneys' fees in the amount of $12,037.00 and attorneys' costs in the amount of $444.82).  *See generally* Fees App.  Although a General Order No. 9 statement was not formally filed, Petitioner's counsel asserted in the Fees App. that "[p]ursuant to General Order #9, petitioner(s) has not incurred any our-of-pocket [sic] costs in pursuit of the claim." Fees App. at ¶3.

Respondent filed a response ("Respondent's Response") to the Fees App. on August 6, 2018. ECF No. 39.  Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.  Petitioner did not file a reply.  On February 19, 2019, I issued an order directing Petitioner to file supporting documents for all requested attorneys' costs. ECF No. 40.  Petitioner filed the requested documents on that same date. ECF No. 41.

For the reasons discussed below, I **GRANT** reimbursement of attorneys' fees and costs in full, in the combined amount of **$12,481.82**.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348

(quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a Fee Schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding

---

[3] This Fee Schedule is posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf; Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf; Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

such costs. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

## II.  Reasonable Attorneys' Fees

### a. Good Faith and Reasonable Basis

Based on my review of the record and the lack of objection from Respondent, I find that this claim was brought in good faith and with a reasonable basis.

### b. Reasonable Hourly Rate

Petitioner requests compensation for his attorney, Mr. Howard Gold, and a paralegal employed at Gold Law Firm, Ms. Tave McGrath.  Petitioner requests the following rates for work performed by Mr. Gold and Ms. McGrath from 2016 to 2018:

|      | **Mr. Gold** | **Ms. McGrath** |
|------|--------------|-----------------|
| **2016** | $370.00   | $125.00         |
| **2017** | $380.00   | $125.00         |
| **2018** | $390.00   | $125.00         |

Mr. Gold's hourly rates for work performed between 2016-2018 have been previously found reasonable and awarded by other Special Masters.  Thus, I find Mr. Gold's requested hourly rates to be reasonable and award them in full in this present case.

Ms. McGrath's paralegal hourly rate falls well within the hourly rates awarded for paralegal work performed in this Program.  Therefore, I find Ms. McGrath's hourly rate to be reasonable and award it in full in this case.

### c. Time Expended

I find that the time expended by Mr. Gold and his staff was reasonable.  Based on my review of the billing entries, and the lack of objection from Respondent, I will award Gold Law Firm for the totality of work performed and billed.  As such, Mr. Gold will be awarded for the entirety of the 30.75 hours billed and Ms. McGrath will be awarded for the entirely of her 4.3 hours billed, at the rates listed above respectively.

Therefore, for the reasons outlined above, Petitioner is awarded attorneys' fees in the amount of **$12,037.00**.

## III.  Reasonable Attorneys' Costs

Petitioner requests **$444.82** in attorneys' costs. Fees App. at 8.  I find the costs of obtaining medical records and filing the petition to be reasonable and, thus, award them in full.

IV.   **Conclusion**

Based on the foregoing, I **GRANT** the Motion for Attorney's Fees and Costs.  I award **$12,481.82**,[4] representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Mr. Robert Stockdale, and Petitioner's counsel, Mr. Howard Gold, Esq. of Gold Law Firm, LLC.  The clerk shall enter judgment accordingly.[5]

   **IT IS SO ORDERED.**

                                                             **s/ Katherine E. Oler**
                                                             Katherine E. Oler
                                                             Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.